JACQUES DALSTAN and ELIZABETH A. DALSTAN, his wife, appellants,

*v.*

CIRCLE AMUSEMENT COMPANY, a corporation, respondent.

[Submitted May term, 1941. Decided October 20th, 1941.]

*Messrs. Endicott & Endicott; Mr. Daniel J. Dowling* and *Mr. Samuel Backer,* for the appellants.

*Messrs. Bourgeois & Coulomb,* for the respondent.

The opinion of the court was delivered by

BODINE, J.

The appeal in this case is from a decree of the Court of Chancery dismissing a bill of complaint which sought to enforce a conceded restrictive covenant contained in deeds of conveyance to the complainants' and the defendant's predecessors in title.

The covenant requires a setback of the buildings (except as to porches) of fifteen feet from the front line of the lots affected. It appears that porches within the fifteen foot setback were common structures within the area.

The court found that the structures upon complainants' lot were not porches. We think that the proofs show otherwise. The structures were such as are commonly known as sun porches. Although the foundations and sidewall were of a similar construction to the main building and access was through the main structure, the design was such as to provide a roofed structure open to sun and air when desired or closed in with glass when rain and cold made it necessary. *Marsh* v. *Marsh, 90 N. J. Eq. 244.* But if the fact be otherwise, still we think the complainants were entitled to relief. Their structure had stood unchallenged for eighteen years and was similar to many others in the neighborhood.

The learned Vice-Chancellor dismissed the bill on the theory that one who violates a mutual covenant may not complain of a similar violation by his neighbor. *Roberts* v. *Scull, 58 N. J. Eq. 396; Ocean City Association* v. *Headley, 62 N. J. Eq. 322; Smith* v. *Spencer, 81 N. J. Eq. 389.* The defendant does not contemplate building a sun porch on the property it has acquired, but is going to build a large commercial structure covering nearly its entire property. If the complainants have violated the restriction it is only in a minor way. The defendant does not contemplate a similar

violation but a far different one. Of course, one who has built a porch in violation of a restrictive covenant may not complain that his neighbor contemplates a like structure. But if a different use is contemplated the complaint should be entertained. The balancing of equities does not close the door to enforce a general scheme of development merely because the complainants may have, in some slight measure, violated the form of the covenant.

The decree is reversed, with costs, and an injunction should issue.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, COLIE, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, THOMPSON, JJ. 15.